In the Matter of the Estate of AMOS F. ENO, Deceased.

Surrogate's Court, New York County, August 12, 1932.

*Allen Evarts Foster* [*Jesse Hoyt* of counsel], for the trustees.

*John G. Dwyer*, special guardian.

*Coudert Brothers* [*Frederic R. Coudert* and *Thomas W. Kelly* of counsel], for Alice Eno Hopkinson.

FOLEY, S. This is a proceeding for the construction of certain provisions of the will. By the twelfth article thereof a trust fund of $250,000 was created with directions to pay the income to Alice Eno, now Mrs. Alice Eno Hopkinson, until she shall attain the age of thirty years. At that time the principal is to be paid over to her. Death before that time terminated the trust and vested the remainder either in her children *then living,* or in the event that no child survived, the principal of the fund was directed to be paid to Columbia University. An alternative condition was contained in the will, which has created the complications required to be determined in this proceeding. It was provided that if Alice Eno " shall cease to be a resident of the United States of America before attaining the age of thirty," her interest in the trust was terminated and the gifts over, as in the case of her death before thirty, became effective. By the fourteenth article of his will the testator more carefully defined the effect of this condition. In it he stated that the condition for the termination of income to a beneficiary by reason of her ceasing to be a resident of the United States " shall not be construed to refer to ordinary travel or temporary sojourn out of the United States of America, but only to a change of legal residence."

Alice Eno in 1927 was married to Henry L. d'Aubigne Hopkinson, a member of the British diplomatic service. There is no doubt that he was a legal resident of, and was domiciled in Great Britain. Mrs. Hopkinson has attempted to retain an actual residence in the United States. She has preserved her American citizenship under the Federal statute. These circumstances, however, are immaterial in the present situation because I hold, by reason of her marriage to a British subject, domiciled in Great Britain, that her legal residence and domicile became that of her husband. (*Matter of Daggett,* 255 N. Y. 243.) If the determination of the question, therefore, rested upon the construction of the will only, her interest in the income would have ceased. I hold, however,

that the situation has been saved for her by a written agreement of all the next of kin of the decedent, Amos F. Eno, entered into in 1928 shortly after her marriage. This agreement was plainly intended to cover the situation which has now arisen. By it the next of kin expressly consented and acquiesced in the elimination of the residence condition in the terms of the will relating to her trust. The agreement recognized that either a probable or actual change of legal residence had occurred. The surrounding circumstances at that time become material. The will provided for the termination of the trust on a loss of legal residence in the United States. Necessarily, there was no child or children entitled to take as contingent remaindermen at the time of the marriage of the life tenant. Columbia University, the alternative remainderman, had previously released its interest in the trust under the settlement agreement approved by me in the probate contest over the will of Amos F. Eno. The remainder of the fund, therefore, would have vested in 1927 in the next of kin, by reason of the failure of testamentary disposition, and the effect of intestacy. It was within the power of the next of kin, by written agreement, to permit the trust to continue for the benefit of Alice Eno Hopkinson. She has one child, which was born in January, 1932, over four years after her marriage. Under the actual circumstances, and the contingent nature of the remainder, the remainder could not vest in the child. Agreements for the division of estates between next of kin, legatees or other persons interested are encouraged by the courts and when made are to be given vigorous support. (*Fisher* v. *Fisher*, 253 N. Y. 260.) I accordingly hold that the agreement made by the next of kin in 1928, whereby they expressly consented to the continuance of the trust for the benefit of Alice E. Hopkinson, was valid.

Regardless of whether her interest terminated by her change of legal residence, it was within their power, as the owners of the fund, to waive the technical violation of the will and to consent to the continuance of the trust for her benefit. The effect of the agreement was to permit the terms of the will to stand with the residence forfeiture clause eliminated. The income was, therefore, properly paid by the trustees to Alice Eno Hopkinson and may continue to be paid to her until she attains the age of thirty years. In the event of her death before that date I hold that the entire principal of the fund will vest in her child, if living. If she shall then have no child, the principal becomes payable to the next of kin of Amos F. Eno. If Alice E. Hopkinson survives until thirty years of age, the principal must be paid to her.

Submit decree on notice construing the will as modified by the agreement of the next of kin accordingly.